IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FIMBANK PLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:19-CV-00264 |
| v. | § | |
| | § | ADMIRALTY RULE 9(h) |
| DISCOVER INVESTMENT CORP; SAM SHIPPING MANAGEMENT S.A.; SHIPPING ASSET MANAGEMENT (SAM) S.A.; and SPV SAM EAGLE INC. | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SPV SAM EAGLE INC.'S MOTION TO DISMISS DATED OCTOBER 4, 2019**

Plaintiff FIMBANK PLC ("Plaintiff" or "FIMBANK") submits this Memorandum of Law in Opposition to Defendant SPV SAM Eagle Inc.'s ("SPV Eagle") second Motion to Dismiss filed on October 4, 2019 (Dkt. 19) (the "Second Motion"). For ease of reference, SPV Eagle filed its first motion to dismiss under Rule 12(b), Fed. R. Civ. P., on September 26, 2019 (Dkt. 17). The September 26 Motion to Dismiss argued that plaintiff's Verified Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). The latest, Second Motion now argues that the Verified Complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5)[1]. The Second Motion is procedurally improper and should be denied therefor. In addition, the underlying arguments for dismissal lack factual and legal foundation and should be denied.

---

[1] SPV Eagle presented no argument to support a motion to dismiss under Rules 12(b)(2) and 12(b)(4).

1

I. **Motion practice under Rule 12 of the Federal Rules of Civil Procedure.**

1. Rule 12 of the Federal Rules of Civil Procedure ("Rule 12") identifies procedural and substantive instructions for responding to a complaint.

A. **Procedural rules related to motions to dismiss.**

2. Rule 12 allows a defendant to assert certain defenses by motion prior to the filing of a responsive pleading. However, Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED R. CIV. P. 12(g)(2) If a defendant fails to raise defenses available under Rule 12(b)(2) – (5) in its initial motion to dismiss, then those defenses are waived:

> (h) Waiving and Preserving Certain Defenses.
>
> > (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)–(5) by:
> >
> > > (A) omitting it from a motion in the circumstances described in Rule 12(g)(2).

FED R. CIV. P. 12(h).

3. The Fifth Circuit squarely addressed this issue in *Albany Insurance Company v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993). In *Albany Insurance*, plaintiff sued for breach of contract, fraud and conversion related to the importation of coffee into the United States. Defendant Somex moved to dismiss for lack of personal jurisdiction, venue and failure to state a claim upon which relief could be granted. While its motion was pending, Somex filed an additional motion (styled as a motion for summary judgment) asking the court to enforce a forum selection

clause that was never identified in the motion to dismiss. The district court construed the summary judgment filing as a motion to dismiss and granted it based on the forum selection clause. Later, additional defendants filed motions to dismiss, but failed to cite the forum selection clause in their motions. These additional defendants filed an additional motion to dismiss, asserting the forum selection clause as the basis for dismissal. The district court enforced the forum selection clause for all parties and dismissed the case. Plaintiff appealed, "arguing, *inter alia*, that [defendants] waived enforcement of the forum clauses by failing to raise them in their first Rule 12 motion." *Id.* at 909. The Fifth Circuit agreed with plaintiff and reversed.

> The meaning of subdivision (g) is clear. If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection.

*Id.*; *see also*, 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1385 (3d ed.) ("The rule generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion.").

### B. Standard of review for Rule 12(b) motions.

4. Defendant's Second Motion seeks dismissal pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5). Though defendant has waived the defenses presented in the Second Motion (as shown above), SPV Eagle has further waived arguments under Rules 12(b)(2) and 12(b)(4) by failure to include any factual or legal argument in

3

PD.27283353.1

support of these defenses. *See, e.g.*, *Eagle Air Transport, Inc. v. National Aerotech Aviation Delaware, Inc.*, 75 F. Supp.3d 883, 891-892 (N.D. Ill. 2014) (*citing Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014)) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

### 1. Motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

5. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted). Here, since SPV Eagle failed to raise a Rule 12(b)(2) defense in its motion to dismiss dated September 26 (Dkt. 17), and failed to challenge personal jurisdiction with any argument in its Second Motion, it has waived this defense. *See* FED. R. CIV. P. 12(h)(1)(A); *see also Albany Insurance Company*, 5 F.3d at 909.

### 2. Motions to dismiss for insufficient process under Rule 12(b)(4).

6. Motions under Rule 12(b)(4) attack the sufficiency of the process served on a defendant, "which is usually understood to relate to problems of form such as mis-naming the party to be served." *See, e.g.*, *Marine Geotechnics, LLC v. Williams*,

2009 WL 2144278 at *2 (S.D. Tex. July 13, 2009). Here, since SPV Eagle failed to raise a Rule 12(b)(4) defense in its motion to dismiss dated September 26 (Dkt. 17), and failed to support a Rule 12(b)(4) defense with any argument in its Second Motion, it has waived this defense. *See* FED. R. CIV. P.12(h)(1)(A); *see also Albany Insurance Company*, 5 F.3d at 909.

### 3. Motion to dismiss for insufficient service of process under Rule 12(b)(5).

7. Motions under Rule 12(b)(5) challenge the adequacy of service of process on defendant. "As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). Here, since SPV Eagle failed to raise a Rule 12(b)(5) defense in its motion to dismiss dated September 26 (Dkt. 17), it has waived this defense. *See* FED. R. CIV. P.12(h)(1)(A); *see also Albany Insurance Company*, 5 F.3d at 909. In addition, SPV Eagle's arguments show that it has received adequate notice under Supplemental Rule B.

## II. Statement of facts.

8. The underlying dispute is subject to arbitration to be governed by English law and "claims thereunder are to be pursued in arbitration in London under LMAA [London Maritime Arbitrators Association] rules" (the "Underlying Dispute") (Dkt. 1 at ¶ 25). FIMBANK has in its Complaint, and it continues, to expressly reserve all rights for the Underlying Dispute to be resolved in arbitration. The underlying facts are explained in detail in plaintiff's *Memorandum of Law in*

*opposition to Defendant SPV Sam Eagle's Motion to Vacate Attachment and Motion to Dismiss* (Dkt. 21), which is incorporated herein.

9. This court issued orders for the U.S. Marshal to attach the vessel SAM EAGLE, which the U.S. Marshal accomplished on September 16, 2019 (Dkt. 11). The vessel remains in the custody of the U.S. Marshal. In addition, Plaintiff provided notice to the named defendants via courier service, as acknowledged by SPV Eagle in the Second Motion: "Plaintiff also sent a copy of the Verified Complaint and the Order for Writ of Attachment and other pleading to the Defendants via UPS." (Dkt. 19, p. 2).

### III. Plaintiff satisfied the notice requirements for proceedings under Supplemental Rule B.

10. As Plaintiff provided in its Verified Complaint, the purpose of this action is "to obtain quasi *in rem* jurisdiction over Defendants, and security for the enforcement of any resulting awards and/or judgments which it may obtain against any of the Defendants." (Dkt. 1, ¶ 58).

> There is a third category of claims sometimes known as actions *quasi in rem*. Supplemental Admiralty Rule E. These are actions based on a claim for money begun by attachment or other seizure of property when the court has no jurisdiction over the person of the defendant, but has jurisdiction over a thing belonging to him or over a person who is indebted to, or owes a duty to the defendant.

*Belcher Co. of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d 1161, 1163-65 (5th Cir. 1984).

> Attachment issues "with respect to any admiralty or maritime claim in personam" and its purpose is to "attach the defendant's goods and chattels" or other assets if the defendant shall not be

6

>found in the jurisdiction. Rule B. Attachment may be used for any debt.

*Id.* at 1164. Here, Plaintiff has attached assets, and more specifically the subject vessel, and therefore obtained jurisdiction to support its claim.

11. The sum and substance of SPV Eagle's argument is that it did not receive service of process pursuant to Rule 4, Fed. R. Civ. P. This argument has no relevance. SPV Eagle acknowledges the precise notice required under Supplemental Rule B(2) for defendants in maritime garnishment proceedings. As identified by SPV Eagle (Dkt. 19, p. 7), Supplemental Rule B provides as follows:

>*Rule B. In Personam Actions: Attachment and Garnishment*
>\* \* \*
>(2) Notice to Defendant. No default judgment may be entered except upon proof—which may be by affidavit—that:
>
>>(a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;
>>
>>**(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or**
>>
>>(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

FED. R. CIV. P. SUPP. B (emphasis added). As Wright & Miller noted:

>The rationale for requiring notice as a condition to a default judgment was stated as follows by the Advisory Committee:
>
>>The former Admiralty Rules did not provide for notice to the defendant in attachment and garnishment proceedings. None is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead

7

> the judgment as a defense in an action against him by the defendant. *Harris v. Balk*, 198 U.S. 215 (1905); *Pennoyer v. Neff*, 95 U.S. 714 (1878). Modern conceptions of fairness, however, dictate that actual notice be given to persons known to claim an interest in the property that is the subject of the action where that is reasonably practicable. In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint. No substantial burden is imposed on the plaintiff by a simple requirement that he notify the defendant of the action by mail.

12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3212 (3d ed.). In the Second Motion, SPV Eagle admits Plaintiff's compliance with this provision: "Plaintiff also sent a copy of the Verified Complaint and the Order for Writ of Attachment and other pleading to the Defendants via UPS." (Dkt. 19, p. 2).

### IV. Conclusion and Prayer.

12. SPV Eagle's Second Motion is procedurally improper and legally insufficient. SPV Eagle waived the defenses presented under Rules 12(b)(2), 12(b)(4) and 12(b)(5) by failing to include these arguments in their motion to dismiss filed on September 26, 2019. In addition, the motion to dismiss is also improper, as plaintiff fully satisfied the requirements for notice under Supplemental Rule B(2)(b). SPV Eagle's Second Motion should be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff FIMBANK PLC. respectfully prays that the Court deny Defendant SPV SAM Eagle Inc.'s ("SPV Eagle") second Motion to Dismiss filed on October 4, 2019 (Dkt. 19), and that FIMBANK PLC have all further relief to which it may be entitled.

       Respectfully submitted,

       */s/ Edward W. Floyd*

       Edward W. Floyd
       Luke F. Zadkovich
       **Floyd Zadkovich (US) LLP**
       ed.floyd@floydzad.com
       luke.zadkovich@floydzad.com
       Telephone: (917) 999 - 6914
       215 Park Ave South, 11th Floor
       New York, New York 10003

       **PRO HAC VICE COUNSEL FOR PLAINTIFF, FIMBANK PLC**

Ivan M. Rodriguez
Texas Bar No. 24058977
Fed ID. 4566982
ivan.rodriguez@phelps.com
Andrew R. Nash
Texas Bar No. 24083550
Fed ID: 1690806
andy.nash@phelps.com
**Phelps Dunbar LLP**
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**LOCAL COUNSEL FOR PLAINTIFF, FIMBANK PLC**

9

## CERTIFICATE OF SERVICE

  I hereby certify that on October 25, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A true and correct copy of the foregoing instrument had been served upon all known counsel of records as listed below, via the Court's ECF notification system.

Michael J. Wray
Thomas R. Nork
Christopher Hart
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, Texas 77056
Michael.wray@hfw.com
Tom.nork@hfw.com
Chris.hart@hfw.com
**ATTORNEYS FOR
SPV SAM EAGLE INC.**

            */s/ Edward W. Floyd*
            Of Floyd Zadkovich (US) LLP

PD.27283353.1