United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FIMBANK PLC, | § § | |
| v. | § § | Civil Action No. 2:19-cv-00264 |
| DISCOVER INVESTMENT CORP; SAM SHIPPING MANAGEMENT S.A.; SHIPPING ASSET MANAGEMENT (SAM) S.A.; and SPV SAM EAGLE INC. | § § § § § | Admiralty Rule 9(h) |

| | | |
|---|---|---|
| CREDIT SUISSE AG, | § § | |
| v. | § § | Civil Action No. 4:20-cv-01158 |
| M/V SAM EAGLE, IMO NO. 9559676, HER ENGINES, APPAREL, FURNITURE, EQUIPMENT, APPURTENANCES, TACKLE, ETC., *IN REM*, and SPV SAM EAGLE INC., *IN PERSONAM* | § § § § § § § § | Admiralty Rule 9(h) |

## ORDER FOR INTERLOCUTORY SALE OF VESSEL

Before this Court is the now unopposed[1] motion for interlocutory sale (Dkt. 134) filed by Credit Suisse AG ("Credit Suisse").[2] Having considered the motion and the proposed sale terms, and in consideration of the Supplemental Admiralty Rules, the Court finds that interlocutory sale of this vessel is appropriate in these circumstances. The Court therefore **GRANTS** Credit Suisse's motion and **HEREBY ORDERS, ADJUDGES AND DECREES** that:

---

[1] FIMBank PLC had previously failed to indicate whether they were opposed or consented to Credit Suisse's motion at the time of its filing, such that the motion was filed as being partially opposed. Since then, FIMBank has advised the Court that it consents to the motion for sale of the vessel, while reserving all of its claims and rights. See Dkt. 142.

[2] Given the consolidated nature of this proceeding, the Court notes that Credit Suisse's motion was made in connection with C.A. No. 4:20-cv-01158. Upon completion of the sale of the vessel, the related funds shall be deposited into the registry of the Court, such that the *res* remains subject to the Court's jurisdiction for the purposes of both cases.

1.      For the reasons set forth in Rule E(9)(a)(i), that the M/V SAM EAGLE, IMO No. 9559676 her engines, apparel, appurtenances, tackle, etc. (the "vessel") shall be **sold, as is, where is**, to the high bidder, free and clear of all liens, claims, mortgages, and encumbrances; and it is

2.      FURTHER ORDERED that CW Kellock & Co Ltd ("Broker") shall act as Broker and Auction House for this sale and shall be entitled to a commission equal to the greater of **$50,000** or **1%** of the confirmed sale price. Broker shall use its best efforts to advertise, market, and promote the sale. The Broker shall consult with counsel for the parties with regard to any proposed advertising in trade publications or similar; and it is

3.      FURTHER ORDERED that said sale of the vessel shall be conducted at 9:00 a.m. Central Daylight Time on July 15, 2020; and it is

4.      FURTHER ORDERED that sale of the vessel shall be for a minimum bid of no less than $3,750,000 and minimum bid increments of $10,000.00; and it is

5.      FURTHER ORDERED that Credit Suisse shall advertise the sale in ***Corpus Christi Caller Times***, which is designated as a paper of general circulation in this District, on no less than 4 occasions. Broker shall also arrange to advertise the sale in ***Lloyd's List*** and ***TradeWinds***. The cost of the foregoing advertising shall be an *in custodia legis* expense. The parties may, at their own expense, promote or advertise the sale in other ways, publication, and/or media; and it is

6.      FURTHER ORDERED that the sale shall be held virtually, by use of a video-conferencing application, the details of which Broker shall arrange. Broker shall further work to arrange preregistration of bidders, auction arrangements, and sale rules. Broker shall accept sealed bids in writing before the sale, which may be sent to the following address:

        CW Kellock & Co Ltd
        c/o Paul Willcox
        Wood Farm
        Clay Lane
        Henley
        Suffolk IP6 0SJ, UK

Sealed bids may also be submitted via email to kellock@eggarforrester.com.  Live, on-line internet bids shall also be accepted from registered bidders on the date of sale; and it is

    7.    FURTHER ORDERED that Credit Suisse shall coordinate with the Master of the M/V SAM EAGLE, who has been designated as the Substitute Custodian, to arrange a marine survey of the vessel for use by Broker and the parties to promote the sale, and the cost of such survey shall be an *in custodia legis* expense; and it is

    8.    FURTHER ORDERED that Credit Suisse shall be authorized to enter a credit bid up to the sum of $6,185,102.66.  In the event Credit Suisse is the successful high bidder, then FIMBank PLC and/or any other Intervenor in this action may file, within 10 days of the auction, a motion seeking security from Credit Suisse for their claims.  The Court shall set any such motion for expedited hearing; and it is

    9.    FURTHER ORDERED that, following the conclusion of the auction on July 15, 2020, Broker shall submit the record of bids to the Court.  The Court shall review and confirm acceptance of the highest bid to Broker.  Upon confirmation, the highest bidder shall be required to place a deposit of 10% of the purchase price into the registry of the Court as soon as possible, but in any event no later than 48 hours following confirmation of the winning bid.

    10.    FURTHER ORDERED that the remaining balance of the purchase price shall be paid to into the registry of the Court within seven (7) days following confirmation of the winning bid; and it is

11. FURTHER ORDERED that if the successful bidder does not pay either the deposit or the balance of the purchase price when required, said bidder shall be in default. In the event that default occurs after a deposit has been made into the registry of the Court, the defaulting bidder's earnest money deposit shall be forfeited and applied to any additional costs incurred by the Broker because of the default. The balance of the earnest money deposit shall be retained in the registry of the Court, pending further Order of this Court; and it is

12. FURTHER ORDERED that, should the highest bidder default on the sale, then Broker shall offer the sale to the second highest bidder, and so on, until the sale of the vessel is accomplished; and it is

13. FURTHER ORDERED that upon full payment of the purchase price, the Court shall have issued a bill of sale in favor of the successful bidder, conveying title to the M/V SAM EAGLE to such purchaser free and clear of any and all liens whatsoever; and it is

14. FURTHER ORDERED that any party or interested person may object to the sale within five (5) days of the date of the auction by (a) filing a written objection with the Court, by (b) serving a copy of the objection upon counsel for all parties in this action, and upon the successful bidder, and by (c) paying into the Court's registry the amount of $14,000.00, which shall be considered the equivalent of the expenses of keeping the vessel in further custody for at least 14 days; and it is

15. FURTHER ORDERED that this Court will set an expedited hearing to consider any objection to the sale. If no objection is filed and/or no payment is made into the Court's registry so as to account for the expenses of keeping the vessel in custody for at least 14 days, the Court may enter its Order Confirming Sale without a hearing.

150114.00602/123335906v.2

**IT IS SO ORDERED.**

DONE in Corpus Christi, Texas, on this 2nd day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE