IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FIMBANK PLC, | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-00264 |
| | § | |
| DISCOVER INVESTMENT CORP; | § | Admiralty Rule 9(h) |
| SAM SHIPPING MANAGEMENT S.A.; | § | |
| SHIPPING ASSET MANAGEMENT | § | |
| (SAM) S.A.; and SPV SAM EAGLE INC. | § | |

| | | |
|---|---|---|
| CREDIT SUISSE AG, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01158 |
| | § | |
| M/V SAM EAGLE, IMO NO. 9559676, | § | Admiralty Rule 9(h) |
| HER ENGINES, APPAREL, | § | |
| FURNITURE, EQUIPMENT, | § | |
| APPURTENANCES, TACKLE, ETC., | § | |
| *IN REM*, and | § | |
| SPV SAM EAGLE INC., | § | |
| *IN PERSONAM* | § | |

## MOTION TO INTERVENE

Credit Suisse AG (hereinafter "Credit Suisse") respectfully requests leave to intervene into the lead case, *FIMBank PLC v. Discover Investment Corp., et al.*, bearing C.A. No. 2:19-cv-00264 (the "FIMBank Lawsuit").

Credit Suisse's separately filed action, *Credit Suisse AG v. M/V SAM Eagle, IMO 9559676 et al.*, C.A. No. 4:20-cv-01158, originally pending in the Southern District of Texas – Houston Division (the "Credit Suisse Lawsuit"), was consolidated with the FIMBank Lawsuit because both suits asserted claims against the M/V SAM EAGLE, whether *in rem* or *quasi in rem*. However, consolidation of cases does not fully merge the two suits – consolidation aids in administration of cases, but the suits maintain their separate status. See *Johnson v. Manhattan*

*Ry. Co.*, 289 U.S. 479, 496-97 (1933) ("consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."); *In re Transtexas Gas Corp.*, 303 F.3d 571, 577 (5th Cir. 2002) (same premise).

As a result of Credit Suisse's actions, the SAM EAGLE was sold at judicial auction, and the purchase price has been deposited by the buyer into the Court's registry. Both FIMBank and Credit Suisse claim entitlement to the sales proceeds. The Court will be called upon to rank the priority of competing claims against the *res*, and, out of an abundance of caution, Credit Suisse seeks to intervene in the first filed FIMBank case such that all parties making claims against the sales proceeds are formally before the Court in the context of the same action.

Federal Rule of Civil Procedure 24 provides "that the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest..." Fed. R. Civ. P. 24(a)(2). Here, both FIMBank and Credit Suisse claim entitlement to amounts that exceed the $4,743,777 constituting the *res* maintained by the Court.[1] Disposal of the *in rem* claims in the FIMBank case without the formal joinder of Credit Suisse may impair Credit Suisse's claim against the *res*. Credit Suisse is accordingly entitled to intervention as a right. See Fed. R. Civ. P. 24(a)(2).

Credit Suisse therefore respectfully requests to intervene in C.A. No. 2:19-cv-00264 as a Plaintiff. To be clear, Credit Suisse does not seek to assert any claims as against FIMBank. It only seeks to press its claims against the *res* (formerly the M/V SAM EAGLE, now the funds deposited in the Court's registry) and SPV Sam Eagle Inc. *in personam*. Credit Suisse submits

---

[1]   FIMBank claims entitlement to at least $4,900,000 (see Dkt. 1 in 2:19-cv-00264) and Credit Suisse has asserted claims in excess of $6,000,000. (See Dkt. 1 in 4:20-cv-01158).

2

that its Verified Original Complaint (Dkt. 1 in 4:20-cv-01158; attached hereto as Ex. 1) should be considered as being Credit Suisse's Petition in Intervention.

## CONCLUSION AND PRAYER

Credit Suisse is entitled to intervene as a Plaintiff in the FIMBank Lawsuit for many of the same reasons that consolidation of the FIMBank Lawsuit and the Credit Suisse Lawsuit was appropriate – both FIMBank and Credit Suisse maintain that they should recover against the value of the M/V SAM EAGLE or, now, the vessel's sale proceeds.  The only way that the interests of all claimants to the *res* may be properly resolved is if they are present in the same suit.  By the plain language of Rule 24, "the court must permit" Credit Suisse to intervene.

WHEREFORE, Credit Suisse AG respectfully moves the Court to grant it leave to intervene into the matter bearing C.A. No. 2:19-cv-00264.  Credit Suisse also prays for all such other and further relief to which it may show itself to be justly entitled.

Dated: August 7, 2020
       Houston, Texas

Respectfully submitted,

/s/ Keith B. Letourneau
Keith B. Letourneau, *Attorney-in-Charge*
Federal I.D. No. 20041
State Bar No. 00795893
Zachary R. Cain
State Bar No. 24078297
Fed. I.D. No. 1829905
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 228-6601
Facsimile:   (713) 228-6605
Email: kletourneau@blankrome.com
Email: zcain@blankrome.com
*Attorneys-in-charge for Credit Suisse AG*

150114.00602/123691527v.1

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 4, 2020, I contacted all counsel of record in C.A. No. 2:19-cv-00264 regarding Credit Suisse's intention to intervene. Counsel for both FIMBank PLC and SPV SAM Eagle, Inc. both indicated that they would seek instructions from their respective clients as to their position on same. As of the date of this filing, neither FIMBank PLC nor SPV SAM Eagle, Inc. have advised of their position. Accordingly, it is assumed that this motion is opposed.

/s/ Keith B. Letourneau
Keith B. Letourneau

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August 2020, I caused the foregoing to be electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Keith B. Letourneau
Keith B. Letourneau