UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FIMBANK PLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-00264 |
| § | |
| DISCOVERY INVESTMENT CORP., *et al*, § § § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Counsel for Defendant SPV SAM Eagle Inc. ("SAM Eagle") have filed a motion to withdraw as a counsel and an incorporated motion to voluntarily dismiss SAM Eagle's counterclaim against Plaintiff FIMBANK PLC. (D.E. 161). As discussed further below, it is recommended that: (1) the motion be GRANTED in part; (2) counsel be allowed to withdraw; and (3) the counterclaim be dismissed with prejudice.

**I.   Motion to Withdraw**

In the motion, attorneys Thomas R. Nork, Christopher R. Hart, Michael J. Wray, and their law firm Holman Fenwick Willan USA LLC seek to withdraw from their representation of SAM Eagle. (D.E. 161). In the motion and at the August 31, 2020, hearing, counsel represented that SAM Eagle has relieved them of their representation in this matter and that they no longer have the authority to speak on behalf of SAM Eagle, with the exception of their motion to voluntarily dismiss the counterclaim. (*Id.* at 1).

Each of the other parties in this case indicated that they do not oppose the motion to the extent that counsel seeks to withdraw from their representation. (D.E. 164 at 1;

D.E. 166 at 1-2; D.E. 167 at 2).  Accordingly, the motion is unopposed and should be granted to the extent that SAM Eagle's current counsel seeks to withdraw.

However, the motion also indicates that "[SAM Eagle] no longer wishes to participate in these proceedings" and that it "makes no claim to ownership of the proceeds of the sale of the [*M/V SAM Eagle*]." (D.E. 161 at 1-2).  SAM Eagle argues that, because the vessel has been sold, this Court may no longer exercise jurisdiction over it because it no longer has property in this district.  (*Id.* at 2).  This is incorrect.  Regardless of whether SAM Eagle contests that Plaintiffs are ultimately entitled to the proceeds of the sale of the *M/V SAM Eagle*, those proceeds are nonetheless presently the property of SAM Eagle and are in the court register in this district.  Thus, SAM Eagle's property remains under attachment in this district and the exercise of jurisdiction is proper.  Further, jurisdiction attaches at the commencement of the proceedings and remains after the sale of the vessel.  Were jurisdiction to terminate upon the judicial sale of a vessel, that would defeat the purpose of the attachment and sale process outlined in Supplemental Admiralty Rule E because plaintiffs would no longer be able to pursue their claims following sale of the vessel.

Thus, it is recommended that counsel for SAM Eagle be allowed to withdraw, but that this not be interpreted to mean that SAM Eagle is no longer a party in this case. SAM Eagle may not simply walk away from a case in which it is a named defendant merely because it no longer wants to participate.

II. **Motion to Voluntarily Dismiss**

SAM Eagle seeks to have its counterclaim against FIMBANK dismissed without

prejudice and for each party to bears its own costs. (D.E. 161 at 2). This counterclaim, asserted in SAM Eagle's answer, was for wrongful attachment. (D.E. 20 at 7-8).

FIMBANK responds that it does not oppose the dismissal of the counterclaim, upon certain conditions. (D.E. 167 at 2-6). First, FIMBANK argues that the dismissal should be with prejudice and on the merits because FIMBANK would be legally prejudiced should the dismissal be without prejudice. (*Id.* at 4-5). Second, FIMBANK contends that its costs in defending the counterclaim should be borne and paid by SAM Eagle. (*Id.* at 5-6). Third, FIMBANK asserts that the Court should explicitly note that dismissal of the counterclaim in no way affects its rights against SAM Eagle or any other defendant. (*Id.* at 6). Finally, FIMBANK argues that its consent to the dismissal of the counterclaim in no way represents an adoption of the arguments made by SAM Eagle in favor of dismissal. (*Id.* at 6).

Here, it is recommended that SAM Eagle's counterclaim be dismissed with prejudice. Based on the procedural history of this case, the counterclaim may only be voluntarily dismissed through court order, on terms that the court considers proper. Fed. R. Civ. P. 41(1)(2). Such a dismissal is without prejudice unless the order states otherwise. *Id.* A motion for voluntary dismissal should be freely granted, unless the nonmoving party will suffer legal prejudice beyond the mere possibility of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002). Legal prejudice typically occurs where the movant has suffered an adverse legal decision before moving for voluntary dismissal. *See Robles v. Atl. Sounding Co.*, 77 Fed. App'x 274, 275-76 (5th Cir. 2003). In this case, SAM Eagle suffered an adverse legal decision

3

before moving for voluntary dismissal when its motion to dismiss and motion to vacate the attachment were denied. (D.E. 141, 145). Although this denial did not directly address the counterclaim, nor did it conclusively resolve the alter-ego issue that the attachment is based on, it nonetheless represents an adverse legal decision related to SAM Eagle's claim of wrongful attachment. Under these circumstances, it would be inappropriate to dismiss the claim without prejudice, as SAM Eagle re-filing the same claim elsewhere would require FIMBANK to re-litigate issues already decided in this case.

It is further recommended that the parties bear their own costs. The court may assign costs to a party when it has acted in bad faith. *Platoro Ltd., Inv. v. Unidentified Remains of a Vessel, et al.*, 695 F.2d 893, 905 (5th Cir. 1983). FIMBANK has not established bad faith in the dismissal of the counterclaim. Moreover, although FIMBANK indicated at the August 31, 2020, hearing that it could show costs as a result of the counterclaim, it did not do so in its response to the motion.

Finally, regarding the rest of FIMBANK's requested conditions, it is unnecessary to rule on them specifically. Should the District Court grant the motion as recommended in this memorandum, that will merely dismiss the counterclaim and will not otherwise affect any other claims.

### III. Recommendation

Accordingly, it is recommended that: (1) the motion (D.E. 161) be GRANTED in part; (2) counsel be allowed to withdraw; and (3) the counterclaim be dismissed with prejudice.

Respectfully submitted this 31st day of August, 2020.

                                             Julie K. Hampton
                                             United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).