United States District Court
Southern District of Texas
**ENTERED**
October 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FIMBANK PLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-264 |
| | § | |
| DISCOVERY INVESTMENT CORP., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON APPEAL REGARDING
## *CUSTODIA LEGIS* EXPENSES

Plaintiff FIMBank PLC and Intervenor Credit Suisse AG, alleged creditors of the prior owners of the vessel M/V SAM EAGLE, filed claims seeking to recover the amounts owed to them from the proceeds of the sale of the vessel.  On July 15, 2020, Melinda Maritime Ltd. purchased the M/V SAM EAGLE at a judicial auction authorized by this Court.  D.E. 144, 152.  Title was transferred to Melinda Maritime on July 23, 2020.  D.E. 156.  On the same day, Melinda Maritime filed its Motion to Determine Repatriation and Crew Wages as *Custodia Legis* Expenses, seeking emergency expedited relief.  D.E. 158.  On July 27, 2020, United States Magistrate Judge Julie K. Hampton held an emergency hearing and issued her Order (D.E. 162) denying Melinda Maritime's motion.  The reason stated in the Order was that the expenses were not incurred prior to sale to preserve the vessel.

On August 26, 2020, Melinda Maritime filed a notice of appeal, seeking to appeal the Order (D.E. 162) to the United States Court of Appeals for the Fifth Circuit.  D.E.

169.   On August 31, 2020, in open court and as confirmed by Order (D.E. 173), the Magistrate Judge granted Melinda Maritime the opportunity to withdraw its notice of appeal and, instead, object to the Order and seek review in this Court on or before September 14, 2020.   On the appointed date, Melinda Maritime withdrew its notice of appeal and filed its objections to the denial of the claim as *custodia legis* expenses, triggering this appeal.   D.E. 181, 182.   Credit Suisse filed its response to the objections and Melinda Maritime replied.   D.E. 184, 187.

For the reasons set out below, the Court finds that the appeal is timely.   However, in the interests of justice and without addressing the merits, the Court remands the issue to the Magistrate Judge for reconsideration, given the parties' request to expand the record with new evidence and this Court's determination that the matter is dispositive and should be addressed through a memorandum and recommendation.

## DISCUSSION

### A.  Timeliness of the Appeal

Credit Suisse first complains that Melinda Maritime's objections were not timely brought to this Court.   When pretrial proceedings are referred to a magistrate judge pursuant to 28 U.S.C. § 636, the magistrate judge has authority to rule on most matters. The statutory exceptions to the magistrate judge's power to enter a definitive ruling are stated to include the following matters:

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class

> action, to dismiss for failure to state a claim upon which relief
> can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).  These exceptions are commonly referred to as dispositive matters, which are reserved for district judges under Article III of the United States Constitution.  *See* Fed. R. Civ. P. 72(a), (b).[1]  All other pretrial rulings are considered non-dispositive.  *Id*.  Both types of magistrate judge decisions are subject to review by this Court, but the procedures involved affect whether and how each decision is reviewed.

With respect to a dispositive matter, a magistrate judge issues a memorandum and recommendation setting out the findings of fact and conclusions of law intended to support the district judge's ruling.  28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  By statute, the parties have fourteen days to object to a memorandum and recommendation.  28 U.S.C. § 636(b)(1)(C); *see also*, Fed. R. Civ. P. 72(b).  Thereafter, the district court adopts, rejects, or modifies the findings of fact and conclusions of law in the memorandum and recommendation and issues a final ruling.  The district court must take the final step on dispositive matters and issue the order under its own authority, regardless of whether objections are filed.  *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

In contrast, a magistrate judge's nondispositive order is final unless objections are timely filed.  Fed. R. Civ. P. 72(a).  As with dispositive orders, objections must be filed within fourteen days.  Fed. R. Civ. P. 72(a).  Otherwise, any complaint is waived.  "A

---

[1]   Separate procedures, not at issue here, apply when all parties consent to submit the case in its entirety to the magistrate judge.  28 U.S.C. § 636(c).

party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Credit Suisse is accurate in observing that Melinda Maritime did not file objections within the fourteen-day deadline applicable to both dispositive and non-dispositive orders.  Even Melinda Maritime's notice of appeal to the Fifth Circuit—its first sign of seeking review—was not filed until the 30th day after the Order was entered. However, when this issue was brought to the Magistrate Judge's attention, she issued her Order (D.E. 173) permitting Melinda Maritime to withdraw the notice of appeal and, instead, file objections for review by this Court.

The Order extended the deadline for filing objections to September 14, 2020.  No party filed objections to the Order extending this time.  And the decision to reopen the time for objections is a non-dispositive ruling well within the Magistrate Judge's power, as any order—whether dispositive or non-dispositive—such as the decision on *custodia legis* expenses may be reconsidered and revised at any time prior to final judgment.  Fed. R. Civ. P. 54(b).  The Magistrate Judge has authorized Melinda Maritime to proceed with this challenge to her Order and the objections triggering this appeal were timely filed on September 14, 2020.  D.E. 182.

**B.  Nature of the Review**

Both parties treat the *custodia legis* Order (D.E. 162) as a memorandum and recommendation on a dispositive matter.  D.E. 182, p. 1, 182-1, p. 2, 184, pp. 3-4.  Yet the Order does not set out a recommendation, but delivers a ruling.  This is not a distinction without a difference.  If it was a non-dispositive ruling, then it is subject to

revision or reversal only if it is "clearly erroneous or contrary to law," based on the existing record. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) (in a Rule 72(a) "clear error" appeal, the district court may not expand the evidence considered beyond what was provided to the magistrate judge). In contrast, if it was a memorandum and recommendation, it is subject to de novo review with respect to any matter raised by an objection and this Court's review includes expanding the evidentiary record. Fed. R. Civ. P. 72(b)(3). Both parties have offered new evidence for this Court to consider.

Case law is sparse on whether the award of *custodia legis* expenses is a dispositive matter. The parties have not briefed the issue, although they treat the decision as dispositive. At least one court has addressed such expenses as part of a dispositive ruling, implementing the memorandum and recommendation procedure. *CRP LMC Prop Co. LLC v. Unnamed 1997 Model 55.5′ Magnum Built Vessel Bearing Hull Identification No. MAG56005A797*, No. 15-62198-CIV, 2016 WL 11547498, at *3 (S.D. Fla. Nov. 1, 2016), *report and recommendation adopted*, No. 15-62198-CIV, 2017 WL 10775765 (S.D. Fla. Mar. 21, 2017).

This Court agrees with the parties on this point. Credit Suisse has claimed a First Preferred Liberian Ship Mortgage on the M/V SAM EAGLE, which—if valid—attached to the proceeds of the vessel's sale. The ultimate dispositive issue in this case is how the sale proceeds will be distributed, based on competing claims. The *custodia legis* motion implicates that dispositive issue because it operates as a partial summary judgment to determine whether a portion of the claimed funds can be excepted from any other liens or

claims under principles of equity. *Beauregard, Inc. v. Sword Services L.L.C.*, 107 F.3d 351, 354 (5th Cir. 1997) (courts have broad equitable powers to charge the expenses of maintenance against the proceeds of sale, referencing 8 U.S.C. § 1921(a)(2) (marshal's right to seek expenses in advance for a res that has been seized)).

The Magistrate Judge handled the motion on an emergency expedited basis before the claimed expenses had been liquidated. D.E. 179. The transcript of the hearing reflects that the Magistrate Judge was offered no evidence other than the Conditions of Sale (D.E. 158-1) and a demand for payment on behalf of the crew (D.E. 158-2). Credit Suisse complained that it had not had an opportunity to submit evidence because of the expedited nature of the hearing. D.E. 179, pp. 14-15.

Central questions in this appeal are: What is the legal source of the repatriation obligation? Which entity had the legal obligation to pay for the repatriation of the crew upon its sale? Did new contracts replace the crew's pre-sale contracts upon transfer of title? Did Melinda Maritime continue the employment of the crew for its own commercial benefit upon receiving title to the vessel? For the first time in its objections directed to this Court, Melinda Maritime has provided evidence of the crew's employment contracts and an explanation of the crewing and reactivation of the vessel, along with the actual repatriation expenses. D.E. 182-2 to 182-7. Also offered for the first time are certain communications regarding the sale of the vessel by auction. D.E. 184-2.

This matter no longer presents any emergency. The crew has been repatriated and the vessel has been free to sail. Because the Magistrate Judge did not have the benefit of

this evidence at the time of entering her Order, and because the Court deems this to be a dispositive matter requiring the use of the memorandum and recommendation procedure, the Court declines to consider the merits of the objections and REMANDS the issue to the Magistrate Judge for reconsideration on the expanded evidence and for the issuance of findings of fact and conclusions of law.

ORDERED this 13th day of October, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE